**United States Court of Appeals
Fifth Circuit**

**F I L E D**

**August 26, 2005**

**Charles R. Fulbruge III
Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-40902
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VALENTINE HERNANDEZ-HERNANDEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B:03-CR-189-1
--------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before HIGGINBOTHAM, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

This court affirmed the sentence of Valentine Hernandez-Hernandez (Hernandez).  See United States v. Hernandez-Hernandez, 87 Fed. Appx. 425 (5th Cir. 2004) (per curiam).  The Supreme Court vacated and remanded for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005).  See Newsome v. United States, 125 S. Ct. 1112 (2005).  This court requested and

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

received supplemental letter briefs addressing the impact of

Booker.

Our original opinion, in which we rejected Hernandez's challenge to a condition of supervised release that appeared in the written judgment but was not orally pronounced by the district court at sentencing, is reinstated.  See United States v. Hernandez-Hernandez, 87 Fed. Appx. 425 (5th Cir. 2004) (per curiam).  Our original opinion is supplemented with the following.

Hernandez argues that the district court erred in sentencing him pursuant to a mandatory application of the sentencing guidelines.  He concedes that he did not object to his sentence in the district court under Blakely v. Washington, 124 S. Ct. 2531 (2004), or under Booker, and that his failure to make an objection of that type results in review for plain error.

Under the plain-error standard, the defendant bears the burden of showing that (1) there is an error, (2) the error is plain, and (3) the error affects substantial rights.  See United States v. Olano, 507 U.S. 725, 732 (1993).  If these conditions are satisfied, this court may exercise its discretion to correct the error only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  Id. at 736-37 (internal quotation marks and citation omitted).

To satisfy the third prong of the plain error test in light of Booker, a defendant must demonstrate "with a probability

sufficient to undermine confidence in the outcome, that if the judge had sentenced him under an advisory sentencing regime rather than a mandatory one, he would have received a lesser sentence." United States v. Infante, 404 F.3d 376, 395 (5th Cir. 2005). Absent any indication in the record that the district court would have imposed a lower sentence, a defendant does not meet this burden. See United States v. Mares, 402 F.3d 511, 522 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517).

Hernandez contends that the error committed by the district court is structural or presumptively prejudicial. This argument is foreclosed. See United States v. Martinez-Lugo, 411 F.3d 597, 601 (5th Cir. 2005). Hernandez seeks to preserve this issue for further review.

Hernandez also argues that his substantial rights were affected. Hernandez notes that he was sentenced at the low end of the guideline range, and he renews the argument from his motion for downward departure regarding the neglect of his children, contending that the district court alluded to the veracity of his claims by encouraging him "to report the situation to Child Protective Services." Based on these factors, Hernandez asserts that it is reasonably probable that the district court would have imposed a lower sentence under a post-Booker advisory regime.

Here, "there is no indication in the record from the sentencing judge's remarks or otherwise that gives us any clue as to whether she would have reached a different conclusion" as to Hernandez's sentence had she been sentencing under an advisory regime. See Mares, 402 F.3d at 522. Moreover, a sentence at the bottom of the guideline range is insufficient to demonstrate that the district court would have imposed a different sentence under an advisory scheme. See United States v. Bringier, 405 F.3d 310, 317-18 n.4 (5th Cir. 2005), petition for cert. filed (July 26, 2005) (05-5535). Hernandez has therefore failed to meet his burden of establishing that his substantial rights were affected under the third prong of the plain error test. See Mares, 402 F.3d at 522.

AFFIRMED.